## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INDIAN HARBOR INSURANCE COMPANY, AS SUCCESSOR IN INTEREST TO CATLIN SPECIALTY INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>LYNNWAY AUTO AUCTION, INC., BLR, LLC, ROGER HARTWELL, RUBEN D. ESPAILLAT, as Personal Representative of the Estate of RUBEN DARIO ESPAILLAT, GIOVANNI SANTIAGO, TAMMY L. BERIO, as Personal Representative of the Estate of ELLIOTT ROWLANDS, JR., SANDRA ORTIZ, as Personal Representative of the Estate of LEEZANDRA APONTE, STEVEN SARKIS, KENNETH VINCENT, MAUREEN VINCENT, FLAVIO JANUARIO, MARK LEE, BRESMIL ROBLES, FANNY RAMIREZ, ABDUL NASSER, SHIRLEY MEZA LOPEZ, as Personal Representative of the Estate of BRENDA LOPEZ, EDGAR MEZA, and EMELLY COLON-SANTOS and EDRIS M. SANTOS, as Personal Representatives of the Estate of PANTALEON SANTOS,<br><br>        Defendants. | Civil Action No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Indian Harbor Insurance Company, as the successor in interest to Catlin Specialty Insurance Company ("IHIC"), by and through its undersigned attorney, for its Complaint for Declaratory Judgment hereby states as follows:

## PARTIES

1.      Plaintiff IHIC is a Delaware corporation with its principal place of business located in the State of Connecticut. IHIC is registered to do business in the Commonwealth of Massachusetts.

2.      Defendant Lynnway Auto Auction, Inc. ("Lynnway") is a Massachusetts corporation with its principal place of business at 400 Charter Way, North Billerica, Massachusetts.

3.      Defendant BLR, LLC ("BLR") is a Massachusetts limited liability company with its principal place of business at 400 Charter Way, North Billerica, Massachusetts.

4.      Upon information and belief, Defendant Roger Hartwell is a citizen of Massachusetts and a resident of Quincy, Massachusetts.

5.      Collectively, Lynnway, BLR, and Hartwell are referred to herein as the "Insureds."

6.      Defendant Ruben D. Espaillat, as Personal Representative of the Estate of Ruben Dario Espaillat, is deemed to be a citizen only of the State of the decedent pursuant to 28 U.S.C. § 1332(c)(2). Upon information and belief, at the time of his death, Ruben Dario Espaillat was a citizen of the Commonwealth of Massachusetts and a resident of Methuen, Massachusetts.

7.      Upon information and belief, Defendant Giovanni Santiago is a citizen of the Commonwealth of Massachusetts and a resident of Boston, Massachusetts.

8.      Defendant Tammy L. Berio, as Personal Representative of the Estate of Elliott Rowlands, Jr., is deemed to be a citizen only of the State of the decedent pursuant to 28 U.S.C. § 1332(c)(2). Upon information and belief, at the time of his death, Elliott Rowlands, Jr. was a citizen of the Commonwealth of Massachusetts and a resident of Buzzards Bay, Bourne, Massachusetts.

9.      Defendant Sandra Ortiz, as Personal Representative of the Estate of Leezandra Aponte, is deemed to be a citizen only of the State of the decedent pursuant to 28 U.S.C. § 1332(c)(2). Upon information and belief, at the time of her death, Leezandra Aponte was a citizen of the Commonwealth of Massachusetts and a resident of Lowell, Massachusetts.

10.     Upon information and belief, Defendant Steven Sarkis is a citizen of the Commonwealth of Massachusetts and a resident of East Walpole, Massachusetts.

11.     Upon information and belief, Defendants Kenneth Vincent and Maureen Vincent are citizens of the Commonwealth of Massachusetts and residents of Bridgewater, Massachusetts.

12.     Upon information and belief, Defendant Flavio Januario is a citizen of the Commonwealth of Massachusetts and a resident of East Falmouth, Massachusetts.

13.     Upon information and belief, Defendant Mark Lee is a citizen of the Commonwealth of Massachusetts and a resident of Wilmington, Massachusetts.

14.     Upon information and belief, Defendants Bresmil Robles and Fanny Ramirez, husband and wife, are citizens of the Commonwealth of Massachusetts and residents of Salem, Massachusetts.

15.     Upon information and belief, Defendant Abdul Nasser is a citizen of the Commonwealth of Massachusetts and a resident of Abington, Massachusetts.

16.     Defendant Shirley Meza Lopez, as Personal Representative of the Estate of Brenda Lopez, is deemed to be a citizen only of the State of the decedent pursuant to 28 U.S.C. § 1332(c)(2). Upon information and belief, at the time of her death, Brenda Lopez was a citizen of the State of Rhode Island. Upon information and belief, Edgar Meza Lopez is a citizen of the State of Rhode Island.

17.     Defendants Edris M. Santos and Emelly Colon-Santos, as Personal Representatives of the Estate of Pantaleon Santos, are deemed to be citizens only of the State of the decedent pursuant to 28 U.S.C. § 1332(c)(2). Upon information and belief, at the time of his death, Pantaleon Santos was a citizen of the State of Rhode Island.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  This action is between citizens of different states, and the amount in controversy exceeds $75,000, excluding interest and costs.

19.     This Court has the authority and jurisdiction to declare the parties' rights and obligations as requested herein pursuant to 28 U.S.C. § 2201.

20.     This Court has personal jurisdiction over each of the Defendants because the Defendant (or the decedent of a Defendant who is a legal representative): (1) is or was a resident of the Commonwealth of Massachusetts; (2) committed an act or acts within the Commonwealth of Massachusetts out of which this action arises; or (3) have asserted underlying claims that are the subject matter of this insurance coverage action in the Superior Court of Middlesex County, for the Commonwealth of Massachusetts.

21.     This District is a proper venue for this action because it is the District in which a defendant resides and it is the District where a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

22.     The Insureds have demanded that IHIC defend and indemnify them against claims and related lawsuits made against them by individuals who allege to have suffered bodily injuries on account of an automobile accident that occurred on or about May 3, 2017 (the "Auto Accident").

23. The Insureds have been sued in the following lawsuits asserting claims arising out of the Auto Accident:

a. *Ruben D. Espaillat, as he is Personal Representative of the Estate of Ruben Dario Espaillat v. Lynnway Auto Auction, Inc., BLR, LLC, James Lamb, George T. Russo, Roger Hartwell, Albert J. Legee d/b/a/ Legee General Contracting, Eugene T. Sullivan, Inc., and Nashua Automotive, LLC*, Civil Action No. 1781CV02244, pending in the Superior Court of Middlesex County, for the Commonwealth of Massachusetts (the "Espaillat Suit"). A copy of the Third Amended Complaint filed in the Espaillat Suit (the "Espaillat Complaint") is attached hereto as Exhibit A.

b. *Giovanni Santiago v. Lynnway Auto Auction, Inc., BLR, LLC, James R. Lamb, George T. Russo, Roger W. Hartwell, Autofair, Inc., Albert J. Legee d/b/a Legee General Contracting, and Eugene T. Sullivan, Inc.*, Civil Action No. 1881CV00064, pending in the Superior Court of Middlesex County, for the Commonwealth of Massachusetts (the "Santiago Suit"). A copy of the Complaint filed in the Santiago Suit (the "Santiago Complaint") is attached hereto as Exhibit B.

c. *Tammy L. Berio, as she is the Personal Representative of the Estate of Elliott Rowlands, Jr. v. Lynnway Auto Auction, Inc., BLR, LLC, James Lamb, George T. Russo, Richard P. Delfino, Roger W. Hartwell, and Autofair, Inc.*, Civil Action No. 1881CV00848, pending in the Superior Court of Middlesex County, for the Commonwealth of Massachusetts (the "Rowlands Suit"). A copy of the Complaint filed in the Rowlands Suit (the "Rowlands Complaint") is attached hereto as Exhibit C.

d. *Sandra Ortiz, Personal Representative of the Estate of Leezandra Aponte v. Lynnway Auto Auction, Inc., BLR, LLC, Roger Hartwell, Albert J. Legee d/b/a/ Legee General Contracting, Eugene T. Sullivan, Inc., and Nashua Automotive, LLC*, Civil Action No. 1981CV00690, pending in the Superior Court of Middlesex County, for the Commonwealth of Massachusetts (the "Aponte Suit"). A copy of the First Amended Complaint filed in the Aponte Suit (the "Aponte Complaint") is attached hereto as Exhibit D.

e. *Steven Sarkis v. Lynnway Auto Auction, Inc., BLR, LLC, James Lamb, George T. Russo, Roger Hartwell, and Nashua Automotive, LLC*, Civil Action No. 1981CV00978, pending in the Superior Court of Middlesex County, for the Commonwealth of Massachusetts (the "Sarkis Suit"). A copy of the Complaint filed in the Sarkis Suit (the "Sarkis Complaint") is attached hereto as Exhibit E.

f. *Kenneth Vincent and Maureen Vincent v. Lynnway Auto Auction, Inc., BLR, LLC, James Lamb, George T. Russo, Roger Hartwell, and Nashua Automotive, LLC*, Civil Action No. 1981CV01262, pending in the Superior

Court of Middlesex County, for the Commonwealth of Massachusetts (the "Vincent Suit"). A copy of the Complaint filed in the Vincent Suit (the "Vincent Complaint") is attached hereto as Exhibit F.

g. *Flavio Januario v. Lynnway Auto Auction, Inc., BLR, LLC, James Lamb, George T. Russo, Richard P. Delfino, Roger Hartwell, Autofair, Inc., and Nashua Automotive, LLC*, Civil Action No. 1981CV01493, pending in the Superior Court of Middlesex County, for the Commonwealth of Massachusetts (the "Januario Suit"). A copy of the Complaint filed in the Januario Suit (the "Januario Complaint") is attached hereto as Exhibit G.

h. *Mark Lee v. Lynnway Auto Auction, Inc.*, Civil Action No. 1981CV02729, pending in the Superior Court of Middlesex County, for the Commonwealth of Massachusetts (the "Lee Suit"). A copy of the Complaint filed in the Lee Suit (the "Lee Complaint")—which was first filed in Woburn District Court on July 24, 2019 and thereafter removed to the Superior Court of Middlesex County on September 17, 2019—is attached hereto as Exhibit H.

i. *Bresmil Robles and Fanny Ramirez v. Lynnway Auto Auction, Inc., BLR, LLC, George T. Russo, Roger Hartwell, Albert J. Legee d/b/a/ Legee General Contracting, Eugene T. Sullivan, Inc., and Nashua Automotive, LLC*, Civil Action No. 1981CV03102, pending in the Superior Court of Middlesex County, for the Commonwealth of Massachusetts (the "Robles Suit"). A copy of the Complaint filed in the Robles Suit (the "Robles Complaint") is attached hereto as Exhibit I.

j. *Abdul Nasser v. Lynnway Auto Auction, Inc., BLR, LLC, James Lamb, George T. Russo, Roger Hartwell, and Nashua Automotive, LLC*, Civil Action No. 2081CV00376, pending in the Superior Court of Middlesex County, for the Commonwealth of Massachusetts (the "Nasser Suit"). A copy of the Complaint filed in the Nasser Suit (the "Nasser Complaint") is attached hereto as Exhibit J.

k. *Shirley Meza Lopez, the Personal Representative of the Estate of Brenda Lopez, alias, and Edgar Meza, alias, v. Lynnway Auto Auction, Inc., BLR, LLC, James Lamb, George T. Russo, Richard P. Delfino, Roger W. Hartwell, Autofair, Inc., Nashua Automotive, LLC, John Sirek, and Evan Thompson d/b/a Thompson Auto Sales*, Civil Action No. 2081CV01053, pending in the Superior Court of Middlesex County, for the Commonwealth of Massachusetts (the "Lopez Suit"). A copy of the Complaint filed in the Lopez Suit (the "Lopez Complaint") is attached hereto as Exhibit K.

l. *Emelly Colon-Santos and Edris M. Santos, as they are the Personal Representatives of the Estate of Pantaleon Santos v. Lynnway Auto Auction, Inc., BLR, LLC, James Lamb, George T. Russo, Richard P. Delfino, Roger W. Hartwell, Autofair, Inc., Nashua Automotive, LLC, John Sirek, and Evan Thompson d/b/a Thompson Auto Sales*, Civil Action No. 2081CV01050,

> pending in the Superior Court of Middlesex County, for the Commonwealth of Massachusetts (the "Santos Suit"). A copy of the Complaint filed in the Santos Suit (the "Santos Complaint") is attached hereto as Exhibit L.

24.     The lawsuits identified in the preceding paragraph are collectively referred to herein as the "Underlying Lawsuits" and the complaints in the Underlying Lawsuits are collectively referred to herein as the "Underlying Complaints."

25.     In each of the Underlying Lawsuits, the plaintiffs allege that, on or about May 3, 2017, Lynnway was conducting a wholesale auto auction at 400 Charter Way, North Billerica, Massachusetts (the "Premises").

26.     Each of the Underlying Lawsuits alleges that Lynnway employed Roger Hartwell ("Hartwell") as a driver and that Hartwell was participating in the May 3, 2017 auto auction at the Premises in his capacity as a driver for Lynnway.

27.     The Underlying Lawsuits allege that Hartwell was driving a 2006 Jeep Grand Cherokee (the "Vehicle") at the Premises when the Vehicle struck several individuals at the Premises causing bodily injury (the "Auto Accident").

28.     All of the claims in each of the Underlying Lawsuits seek damages arising out of the Auto Accident.  For instance, the Underlying Complaints allege:

> a.  In the Espaillat Suit, the plaintiffs allege: "Lynnway assigned its unlicensed employee, Roger Hartwell, to drive a 2006 Jeep Grand Cherokee into the auction facility. Mr. Hartwell, while in the scope of his employment with Lynnway, negligently operated the Jeep so as to lose control of the vehicle and strike numerous lawful visitors, including Ruben Dario Espaillat," (Ex. A, Espaillat Complaint, ¶ 15), who was "seriously injured, required hospitalization, incurred medical expenses and loss of earning capacity, and suffered physically and mentally, until he died of his injuries on May 13, 2017" (*Id.* at ¶ 18).

> b.  In the Santiago Suit, the plaintiff alleges: "[t]he Plaintiff, Giovanni Santiago, was near the SUV being operated by Defendant, Hartwell . . . [and] [s]uddenly and without warning, the SUV accelerated through the Auction Facility and struck multiple cars and multiple lawful visitors of the

Auction Facility, including the Plaintiff, Giovanni Santiago," (Ex. B, Santiago Complaint, ¶¶ 72–73), who "suffered serious and significant injuries including multiple fractures . . . great pain of body and anguish of mind; his ability to work, to earn income and to perform his usual activities has been restricted; his health has been impaired; he has been required now and in the future to incur significant sums of money for medical care and treatment; he has suffered permanent partial disability; he has sustained permanent disfiguring scarring and his ability to enjoy a normal life has been adversely affected" (*Id.* at  ¶ 79, mistakenly written as duplicate ¶ 68 on page 10 of the Santiago Complaint).

c.   In the Rowlands Suit, the plaintiffs allege: "Hartwell, while in the scope of his employment with Lynnway, negligently operated the 2006 Jeep, so as to lose control of the vehicle and strik[e] numerous lawful visitors including[] Elliott Rowlands, Jr," (Ex. C, Rowlands Complaint, ¶ 23), who "suffered serious injury, required hospitalization, incurred medical expenses and lost earning capacity, and suffered physical and mental pain until he died of his injuries on May 10, 2017" (*Id.* at  ¶ 31).

d.   In the Aponte Suit, the plaintiffs allege: "Roger Hartwell[] so negligently and carelessly operated a motor vehicle owned and/or controlled by defendants Lynnway, BLR and/or Nashua Automotive at the premises owned and/or controlled by Lynnway and/or BLR at Charter Way, North Billerica, that it struck and killed plaintiff's decedent, Leezandra Aponte." (Ex. D, Aponte Complaint, ¶ 8).

e.   In the Sarkis Suit, the plaintiff alleges: "Lynnway assigned its unlicensed employee, Roger Hartwell, to drive a 2006 Jeep Grand Cherokee into the auction facility. Mr. Hartwell, while in the scope of his employment with Lynnway, negligently operated the Jeep so as to lose control of the vehicle and injure numerous lawful visitors, including Steven Sarkis," (Ex. E, Sarkis Complaint, ¶ 12), who "was seriously injured, suffered great pain of body and mind requiring extensive therapy, and was obliged to expend in excess of $2,000 for medical care and attendance" (*Id.* at  ¶ 14).

f.   In the Vincent Suit, the plaintiffs allege: "Hartwell, while in the scope of his employment with Lynnway, negligently operated the Jeep and lost control of the vehicle, striking numerous individuals on the premises, including Vincent . . . [who] was caused to sustain severe and permanent personal injuries, including but not limited to a crushing injury of the right ankle, avulsion fracture of the left ankle, a neck strain, right elbow pain, bilateral knee pain, and multiple contusions and abrasions of his body. He also suffered and continues to suffer from significant emotional harm . . . including but not limited to post-traumatic stress disorder." (Ex. F, Vincent Complaint, ¶¶ 28–29).

g.  In the Januario Suit, the plaintiff alleges: "[o]n May 3, 2017, Defendant, Hartwell, while in the scope of his employment with Lynnway, negligently operated the Jeep so as to lose control of the vehicle and strike numerous lawful visitors, including the Plaintiff, Flavio Januario," (Ex. G, Januario Complaint, ¶ 30), who "was seriously injured, required hospitalization, incurred medical expenses and loss of earning capacity, and suffered physical and mental harm" (*Id.* at ¶ 35).

h.  In the Lee Suit, the plaintiff alleges: "LYNNWAY AUTO AUCTION, INC., by its employee, agent and authorized representative, was operating [a 2006 Jeep Grand Cherokee], at the location [400 Charter Way, North Billerica, Massachusetts] identified in this Complaint, it did so operate said [vehicle] negligently and carelessly and proceeded to strike various pedestrians and then collide into a wall causing components of [the vehicle] to strike the said plaintiff while said plaintiff was a pedestrian, resulting in severe and permanent injury to the plaintiff." (Ex. H, Lee Complaint, ¶ 6).

i.  In the Robles Suit, the plaintiffs allege: "Lynnway assigned its unlicensed employee, Roger Hartwell, to drive a 2006 Jeep into the auction facility. Mr. Hartwell, while in the scope of his employment with Lynnway, negligently operated the Jeep so as to lose control of the vehicle and strike numerous lawful visitors, including Bresmil Robles," (Ex. I, Robles Complaint, ¶ 17), who "was seriously injured, incurred medical expenses and loss of earning capacity, and suffered physically and mentally," (*Id.* at ¶ 19), and whose wife "Fanny Ramirez suffered a loss of services, protection, care, assistance, society, companionship, comfort, guidance, counsel, relations, consortium and the advice of her husband" (*Id.* at ¶ 20).

j.  In the Nasser Suit, the plaintiff alleges: "Lynnway assigned its unlicensed employee, Hartwell, to drive a 2006 Jeep Grand Cherokee into the auction facility, on May 3, 2017. Hartwell, while in the scope of his employment with Lynnway, negligently operated the Jeep so as to lose control of the vehicle and strike numerous lawful visitors, including Plaintiff, Abdul Nasser," (Ex. J, Nasser Complaint, ¶ 13), who "was seriously injured, required hospitalization, incurred medical expenses and a loss of earning capacity" (*Id.* at ¶ 16).

k.  In the Lopez Suit, the plaintiffs allege: "[o]n May 3, 2017, Hartwell, while in the scope of his employment with Lynnway, negligently operated the 2006 Jeep, so as to lose control of the vehicle striking numerous lawful visitors, including Brenda Lopez," (Ex. K, Lopez Complaint, ¶ 26) who "suffered serious injury, incurred medical expenses and lost earning capacity, and suffered physical and mental pain and anguish until she died of her injuries on May 3, 2017" (*Id.* at ¶ 38).

l.  In the Santos Suit, the plaintiffs allege: "[o]n May 3, 2017, Hartwell, while in the scope of his employment with Lynnway, negligently operated the

2006 Jeep, so as to lose control of the vehicle and strik[e] numerous lawful visitors, including Pantaleon Santos," (Ex. L, Santos Complaint, ¶ 26), who "suffered serious injury, incurred medical expenses and lost earning capacity, and suffered physical and mental pain until he died of his injuries on May 3, 2017" (*Id.* at ¶ 38).

29.     The Insureds purchased insurance coverage specific to the operations of motor vehicles from Safety Insurance Company ("Safety") and Pilgrim Insurance Company ("Pilgrim").

30.     Safety issued Garage Liability Policy, No. 5058152, to the Insureds for the policy period June 23, 2016 to June 23, 2017 (the "Safety Garage Policy").

31.     The Safety Garage Policy provides coverage for "all sums an 'insured' legally must pay as damages because of 'bodily injury' caused by a covered 'auto' in Massachusetts 'accidents.'"

32.     The Safety Garage Policy provides that Safety has "a duty to defend any lawsuit, even if it is without merit."

33.     The Safety Garage Policy provides coverage for the Auto Accident and Safety has been defending, or participating in the defense of, the Insureds in the Underlying Lawsuits under that Garage Policy.

34.     Safety also issued Commercial Auto Policy, No. 6214820, to Lynnway for the policy period September 20, 2016 to September 20, 2017 (the "Safety Auto Policy").

35.     The Safety Auto Policy provides coverage for "all sums an insured legally must pay as damages because of 'bodily injury' caused by a covered 'auto' in Massachusetts 'accidents.'"

36.     The Safety Auto Policy provides that Safety has "a duty to defend any lawsuit, even if it is without merit."

37.     The Safety Auto Policy provides coverage for the Auto Accident and Safety has been defending, or participating in the defense of, the Insureds in the Underlying Lawsuits under that Auto Policy.

38.     Pilgrim issued Auto Liability Policy, No. PGC00001008605, to the Insureds for the policy period June 23, 2016 to June 23, 2017 (the "Pilgrim Auto Policy").

39.     Based upon information and belief, the Pilgrim Auto Policy provides coverage for all sums an insured legally must pay as damages because of bodily injury caused by a covered auto in an accident.

40.     Based upon information and belief, the Pilgrim Auto Policy provides that Pilgrim has a duty to defend any lawsuit, even if it is without merit.

41.     The Pilgrim Auto Policy provides coverage for the Auto Accident and Pilgrim had been defending, or participating in the defense of, the Insureds in the Underlying Lawsuits under that Auto Policy.

42.     IHIC issued Commercial General Liability Policy, No. 0600300776, to Lynnway and BLR for the policy period June 23, 2016 to June 23, 2017 (the "IHIC Policy"). A copy of the IHIC Policy is attached hereto as Exhibit M.

43.     Lynnway and BLR are Named Insureds under the IHIC Policy.

44.     The Insureds have tendered the claims asserted in each of the Underlying Lawsuits to IHIC seeking defense and indemnification under the IHIC Policy.

45.     In "Section II – Who Is An Insured," the IHIC Policy provides, in pertinent part, that "the following is also an insured . . . your 'employees,' other than either your 'executive officers' (if you are an organization other than a partnership, joint venture or limited liability

company) . . . but only for acts within the scope of employment by you or while performing duties related to the conduct of your business."

46.    Subject to, among other things, its terms, conditions, retentions, limitations and exclusions, the IHIC Policy provides coverage for liability because of covered bodily injury or property damage. The IHIC Policy provides, in pertinent part:

**SECTION I — COVERAGES**

**COVERAGE A — BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.  Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

47.    Exclusion (g) of the Bodily Injury and Property Damage Coverage Part states that the IHIC Policy does not apply to:

g. **Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

48.    Under Subsection 7 of "Section IV – Commercial General Liability Conditions," the IHIC Policy states as follows:

7. **Separation Of Insureds**

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

a.  As if each Named Insured were the only Named Insured; and

b.  Separately to each insured against whom claim is made or "suit" is brought.

49.     The IHIC Policy does not obligate IHIC to defend or indemnify the Insureds against the claims asserted in the Underlying Lawsuits because they arise out of the ownership, maintenance, use or entrustment to others of an "auto" owned or operated by any insured.

50.     Accordingly, IHIC has denied the Insureds' requests to defend and indemnify them against the Underlying Lawsuits.

### COUNT I – DECLARATORY JUDGMENT
### (Auto Exclusion)

51.     IHIC incorporates by reference the preceding paragraphs above as if fully set forth herein.

52.     The Underlying Lawsuits allege that on or about May 3, 2017, Lynnway's employee, Hartwell, was driving a 2006 Jeep Grand Cherokee while working for Lynnway as a driver at an auto auction and that the Jeep suddenly accelerated, striking and injuring several individuals at the Premises.

53.     The Underlying Lawsuits allege damages for bodily injury and death arising out of an auto accident.

54.     The allegations of the Underlying Lawsuits arise out of the use of an auto operated by Lynnway's employee, Hartwell.

55.     Hartwell, as Lynnway's employee and in his capacity as a driver for Lynnway, is an insured under the IHIC Policy.

56.     IHIC is entitled to a declaration that it owes no duty to defend or indemnify the Insureds in the Underlying Lawsuits based on the Aircraft, Auto or Watercraft Exclusion in the IHIC Policy.

57.     An actual and justiciable controversy exists between IHIC and the Defendants concerning their respective rights and liabilities under the IHIC Policy.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth above, Plaintiff IHIC respectfully prays for judgment as follows:

A. Declaring that the IHIC Policy does not provide coverage for the Underlying Lawsuits;

B. Declaring that IHIC has no obligation under the IHIC Policy to defend, to reimburse or to pay any defense costs incurred in the defense of the Underlying Lawsuits or to indemnify the Insureds under the IHIC Policy for any claims, liabilities, loss or damages arising out of or in connection with the Underlying Lawsuits; and

C. Awarding such other further relief as the Court deems just, equitable and proper.

Respectfully submitted,

**Indian Harbor Insurance Company, as successor in interest to Catlin Specialty Insurance Company**

By its attorney,

/s/ *Joseph K. Scully*
Joseph K. Scully, BBO # 644014
Candace J. Hensley, BBO # 706150
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103
Tel.: (860) 275-0135
Fax: (860) 881-2478
jkscully@daypitney.com

Dated: September 11, 2020

-14-